UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JON D. DIED, | ) | CASE NO. 5:06 CV 1623 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CENTIMARK CORPORATION, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On July 6, 2006, plaintiff pro se Jon D. Died filed this action under 42 U.S.C. §1983 against Centimark Corporation, Akron City Councilman Michael Freeman, and Akron City Councilman John Conti. In the complaint, plaintiff alleges that he is attempting to have one or two bronze markers or memorials placed at Kenmore High School, and that he is running for a seat on the Akron City Council. He asks this court to prevent the defendants from contacting him.

*Background*

The allegations in Mr. Died's complaint are difficult to decipher. He claims that there has been "an arrangement between parties...since an injury, while at work, covered by the Ohio Industrial Commission...and documented in the civil suit attached, from Judge Patricia

Cosgrove, Summit County Court of Common Pleas."[1] (Compl. at 1.)

Mr. Died then states that he has become a candidate for Ward 9 Akron City Councilman because he sees a lack of progress in the police programs. He indicates the federal Coalition Against Crime program will provide "Crime Watch" signs to be erected in the neighborhoods. He claims this has not been done while Councilman Conti or Councilman Freeman have been in office. He contends that Ward 9 has the second highest crime rate in the city.

Mr. Died next alleges that he started a Kenmore Historical Society and obtained permission from the Akron Public Schools to place a bronze plaque at Kenmore High School. He states that "neither councilman will answer Mr. Died, and the harassment is directed from Centimark employees known to Conti and Freeman, that is no answering of telephone or letter from the office of council to satisfy Akron Public School plans in their ward." (Compl. at 1.) He contends that "[t]his is complicated by the sub-culture of constituents who are willing to help outside of party lines, or the Board of Election, and assist Conti and Freeman with harassment, i.e. Mr. Died is not [the] founder of said society and not a candidate with Akron Public Schools support for a marker from the Ohio Historical Society, in Columbus, Ohio. (Compl. at 1.) He "prays for relief from contact with both councilman, who never answer his letters, etc." (Compl. at 1.)

Finally, Mr. Died states that he is a Vietnam veteran and that he complained to the Ohio Ethics Commission director concerning an election article in the Akron Beacon Journal which omitted his college education and his status as a veteran. He believes a veteran's memorial can be placed at Kenmore High School and does not want the interference "from the councilmen who do not wish to discuss background checks or community policing." (Compl. at 2.) He believes the

---

[1] There were no documents attached as exhibits to the complaint.

memorial should be "worked on daily." He reiterates that the councilmen do not answer his letters or telephone calls. He asks "for relief from these men to act freely and...for relief from Centimark Co., Mark Spearman and any of said company's friends in Ward 9." (Compl. at 2.)

### *Analysis*

While pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may dismiss an action sua sponte if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). The complaint filed in this action satisfies these criteria.

As a threshold matter, plaintiff fails to state a basis for federal jurisdiction. Although Mr. Died asserts that he is bringing this action under 42 U.S.C. § 1983, he has not stated any facts which suggest that any provision of the United States Constitution may be implicated by the defendant's actions. There is no discernable federal question presented in the pleading and there is not other basis for federal jurisdiction apparent on the face of the pleading.

In fact, there are no facts alleged in the pleading which reasonably suggest that there is even a case in controversy here. In every federal case, the party bringing the suit must establish standing to prosecute the action. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975). To satisfy the standing requirement, the complaint must plausibly indicate that the plaintiff suffered an "injury in fact" of a legally protected interest which is (a) concrete and particularized, see id., at 508; Sierra Club v. Morton, 405 U.S. 727, 740-741, n.

16(1972); and (b) "actual or imminent, not 'conjectural' or 'hypothetical,' " Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). There must be a causal connection between the injury sustained by the plaintiff and the challenged action of the defendant, Simon v. Eastern Ky. Welfare Rights Organization, 426 U.S. 26, 41-42 (1976), and it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." Id., at 38, 43. Mr. Died states he is attempting to erect monuments at Kenmore High School and is running for City Council because he is not satisfied with the job his opponents are doing. On this basis, he asks this court to enjoin defendants, who will not return his telephone calls or letters, from contacting him. Nothing in the complaint indicates that Mr. Died has suffered a concrete and particularized injury to a legally protected interest which was caused by the defendants' actions. There is no question presented for this court to decide and no relief it can grant that would alter the current situation.

## *Conclusion*

Accordingly, this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


Dated: August 11, 2006               s/   *James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE

---

[2]   28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.